UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTWAN EVANS,

                          Plaintiff,

   v.                                                **DECISION AND ORDER**
                                                             08-CV-897S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

      1.      Plaintiff Antwan Evans challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled due to chronic lumbar strain, intervertebral disc syndrome, and hip pain since June 15, 2005. (R. at 111-12.) Plaintiff contends that his impairments render him unable to work. He therefore asserts that he is entitled to disability benefits under the Act.

      2.      Plaintiff filed an application for disability insurance benefits ("DIB") on May 9, 2006. (R. at 78-80.) Plaintiff's application was initially denied, prompting Plaintiff to request a hearing before an ALJ. (R. at 53-54.) The ALJ conducted a hearing on June 9, 2008, at which time Plaintiff appeared with counsel and testified. (R. at 418-444.) The ALJ considered the case *de novo*, and on July 24, 2008, issued a written decision denying Plaintiff's applications for benefits. (R. at 8-19.) On October 21, 2008, the Appeals Council denied Plaintiff's request for review. (R. at 3-5.) Plaintiff filed this action challenging Defendant's final decision on December 9, 2008.[1]

---

[1] The ALJ's decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

1

3. The parties subsequently filed Motions for Judgment on the Pleadings.[2] After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement on July 20, 2009. For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support

---

[2] Defendant filed his Motion for Judgment on the Pleadings on June 2, 2009, (Docket No. 4), while Plaintiff filed his Motion on June 4, 2009 (Docket No. 6).

2

the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.	Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.	In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since June 15, 2005 (R. at 13); (2) Plaintiff's intervertebral disc syndrome, right hip trochanteric bursitis, right SI dysfunction with pseudoradicular symptoms in the right lower extremity, and chronic lumbosacral sprain/strain secondary to congenitally short pedicles, disc bulging, and stenosis constitute "severe" impairments within the meaning of the Act (R. at 13); (3) Plaintiff's medically-determinable impairments do not meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4 (R. at 13); (4) Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with certain restrictions (R. at 14); (5) Plaintiff is unable to perform any of his past relevant work, but based on his age, education, work experience, and RFC, there are a significant number of jobs in the national economy which he could perform (R. at 17-18). Ultimately, the ALJ concluded that Plaintiff was not under a disability as defined by the Act from June 15,

2005, through July 24, 2008, the date of his decision. (R. at 18-19.)

10. Plaintiff advances five challenges to the ALJ's decision. First, Plaintiff argues that the ALJ erred in assessing his RFC because there is no medical evidence or testimony to support the finding that he is capable of performing the full range of sedentary work. (Pl.'s Mem., Docket No. 6, pp. 4-9.) Additionally, Plaintiff argues that the ALJ ignored his statement that he could not stoop. (Pl.'s Mem., pp. 8-9.)

As an initial matter, the ALJ never found that Plaintiff is capable of performing the full range of sedentary work. Rather, by virtue of the limitations imposed on Plaintiff when assessing his RFC, the ALJ determined that Plaintiff is capable of performing only a limited range of sedentary work. (R. at 14.)[3] In fact, the ALJ noted that Plaintiff's "ability to perform all or substantially all of the requirements of [sedentary] work has been impeded by additional limitations." (R. at 18.)

To the extent Plaintiff argues that there is no medical evidence to support the ALJ's RFC determination, this is incorrect. For example, in a document entitled "medical report for determination of disability," Dr. William C. Schueler, Plaintiff's treating physician, opined that Plaintiff is capable of performing sedentary work. (R. at 230-31.)[4] The ALJ expressly noted and considered Dr. Schueler's opinion in his decision. (R. at 16.)

What is more, the ALJ did not ignore Plaintiff's statement that he could not stoop.

---

[3] In particular, the ALJ found that Plaintiff is "limited to stooping, kneeling, crawling, crouching, balancing and climbing on an incidental basis (one-sixth of an eight-hour workday); the claimant should not be exposed to work place hazards such as unprotected heights or dangerous machinery; the claimant requires a discretionary sit/stand option; and the claimant should not be required to meet piece work production rate pace standards." (R. at 14.)

[4] In his memorandum of law in support of the motion for judgment on the pleadings, Plaintiff contends that Dr. Schueler is a chiropractor. (Pl.'s Mem., p. 6.) However, Dr. Schueler is a board-certified physician. (R. at 232.)

5

For instance, because no doctor opined that Plaintiff could not stoop, the only possible way that the ALJ could have found such a limitation was to credit Plaintiff's statement. However, since the ALJ found that Plaintiff lacked credibility, he only partially credited this statement, and found that Plaintiff had limited stooping abilities. Thus, it is clear that the ALJ did not ignore Plaintiff's statement regarding his stooping abilities.[5] Accordingly, this Court finds that the ALJ's RFC determination is supported by substantial evidence, and Plaintiff's first challenge is rejected.

11. Second, Plaintiff argues that the ALJ erred by substituting his opinion for that of two medical reports – a bone scan from July 20, 2005 and an MRI from May 12, 2006 – when determining whether Plaintiff was disabled. (Pl.'s Mem., pp. 9-11.) On this basis, Plaintiff contends that remand is required.

This argument is without merit. First and foremost, the ALJ is charged with determining whether Plaintiff is disabled within the meaning of the Act. See 20 C.F.R. § 404.1527(e)(1) (It is well-settled that the ultimate determination of whether a plaintiff meets the statutory definition of disability is reserved to the Commissioner). Second, there is nothing to indicate that the ALJ substituted his judgment for that of the medical professionals. Rather, the ALJ expressly considered numerous medical reports (R. at 14-17), including the MRI dated May 12, 2006 (R. at 15), and ultimately determined that the evidence did not support Plaintiff's claim of disability (R. at 17, 19).

What is more, an examination of the MRI and the bone scan reports do not support a different outcome than the one found by the ALJ. For instance, the MRI provides that

---

[5] Plaintiff also appears to suggest that the ALJ erred by finding that he could only stoop for one-sixth of an eight-hour workday when the law requires that, in order to perform the full range of sedentary activity, he must be able to stoop for one-third of an eight-hour workday. (Pl.'s Mem. pp. 7-8.) This is incorrect, as SSR 96-9p states that, upon a finding that an individual has the RFC to perform less than a full range of sedentary work, that person must be able "stoop occasionally; i.e., from very little *up to one-third of the time*. . ." SSR 96-9p, 1996 WL 374185, at *8 (S.S.A.) (emphasis added).

6

Plaintiff has "no abnormal signal[s] in the vertebral marrow"; his "conus is normal in level and appearance"; there is "no evidence of a lumbar disc herniation"; "no significant central stenosis, and no nerve root compression. (R. at 172.) Although the bone scan "suggests possible mild arthritic change" (R. at 404), this report is insufficient to outweigh the medical evidence of record supporting the ALJ's determination. Thus, Plaintiff's second challenge is rejected.

12.     In his third and fourth challenge, Plaintiff argues that his complaints should have been given great weight because they are supported by the objective medical evidence. (Pl.'s Mem., pp. 12, 14.)[6] Plaintiff also argues that the ALJ failed to evaluate his credibility under the requirements of SSR 96-7p. (Id.) Lastly, Plaintiff claims that the ALJ erred by failing to consider his work history. (Id. p. 12.)

With respect to his first argument, Plaintiff has failed to demonstrate how his subjective complaints are supported by the objective medical evidence. In support, Plaintiff cites the bone scan from July 20, 2005, and the MRI from May 12, 2006, as evidence constituting the objective medical evidence supporting his subjective complaints. (Pl.'s Mem., pp. 10-11.) However, for the reasons mentioned above, this Court finds that these two reports do not outweigh the numerous other medical opinions of record cited by the ALJ in support of his determination.

In terms of Plaintiff's contention that the ALJ failed to comply with the requirements of SSR 96-7p, this characterization of the decision is incorrect. For instance, Social Security Ruling 96-7p sets forth a number of factors for the ALJ to consider when weighing

---

[6] This Court has considered Plaintiff's third and fourth challenge together because they are essentially identical. For instance, in both challenges, Plaintiff contends that the ALJ erred by failing to accord great weight to his subjective complaints, and that he violated SSR 96-7p. The only difference between the two challenges is that Plaintiff, in his third challenge, raises the issue about the ALJ's failure to consider his work history, but does not raise this in his fourth challenge.

7

credibility. SSR 96-7p, 1996 WL 374186, at *3 (S.S.A.). Those factors include Plaintiff's daily activities, any medication taken to alleviate the pain symptoms, and any measures used to relieve the pain. Id. Here, the ALJ found that Plaintiff lacked credibility because, despite his claim of disability, he was taking and passing college courses, (R. at 16); had good attendance and expected to receive his Associate's Degree (R. at 16-17); he is able to perform household chores such as cleaning and cooking (R. at 17); go shopping (R. at 17); he attends church several times a week, (R. at 17); he informed a doctor that he was "looking to get back into the work force. . ." (R. at 16); he does not use assistive devices (R. at 16); and, although there appears to have been some problems with his insurance coverage, he mostly used over-the-counter ibuprofen for his pain and, at one point, had not seen his treating physician in approximately 11 months (R. at 16). Thus, this Court finds that the ALJ properly evaluated Plaintiff's credibility pursuant to the factors set forth in SSR 96-7p.

Lastly, the ALJ's failure to discuss his work history does not require remand because the overall credibility assessment is supported by substantial evidence for the reasons mentioned above. See Messina v. Astrue, No. 09 Civ. 2509, 2009 WL 4930811, at *7 (S.D.N.Y. Dec. 21, 2009) (holding that the ALJ's failure to take account of the plaintiff's good work history did not render the credibility assessment erroneous because the determination was supported by substantial evidence); see also Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983) ("When, as here, the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability.").

13. In his final challenge, Plaintiff argues that his daily activities are not

credibility. SSR 96-7p, 1996 WL 374186, at *3 (S.S.A.). Those factors include Plaintiff's daily activities, any medication taken to alleviate the pain symptoms, and any measures used to relieve the pain. Id. Here, the ALJ found that Plaintiff lacked credibility because, despite his claim of disability, he was taking and passing college courses, (R. at 16); had good attendance and expected to receive his Associate's Degree (R. at 16-17); he is able to perform household chores such as cleaning and cooking (R. at 17); go shopping (R. at 17); he attends church several times a week, (R. at 17); he informed a doctor that he was "looking to get back into the work force. . ." (R. at 16); he does not use assistive devices (R. at 16); and, although there appears to have been some problems with his insurance coverage, he mostly used over-the-counter ibuprofen for his pain and, at one point, had not seen his treating physician in approximately 11 months (R. at 16). Thus, this Court finds that the ALJ properly evaluated Plaintiff's credibility pursuant to the factors set forth in SSR 96-7p.

Lastly, the ALJ's failure to discuss his work history does not require remand because the overall credibility assessment is supported by substantial evidence for the reasons mentioned above. See Messina v. Astrue, No. 09 Civ. 2509, 2009 WL 4930811, at *7 (S.D.N.Y. Dec. 21, 2009) (holding that the ALJ's failure to take account of the plaintiff's good work history did not render the credibility assessment erroneous because the determination was supported by substantial evidence); see also Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983) ("When, as here, the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability.").

13. In his final challenge, Plaintiff argues that his daily activities are not

inconsistent with a finding that he is not disabled. (Pl.'s Mem., pp. 15-16.) Specifically, Plaintiff contends that there is no evidence indicating that he engaged in any of the daily activities "in a manner even remotely comparable with full-time sustained employment." (Id. p. 16.) Consequently, Plaintiff argues that remand is warranted.

This Court is not persuaded by Plaintiff's argument. For example, the ALJ's determination that Plaintiff was not disabled was not merely based on the inconsistencies between Plaintiff's daily activities and his claim of disability. Rather, the ALJ examined the entire record, including a number of medical reports from various medical professionals, and concluded that Plaintiff was not disabled. Thus, even if Plaintiff is correct that his daily activities do not necessarily support the ability to work on a full-time basis, the ALJ found that Plaintiff was able to perform a limited amount of unskilled sedentary work because the medical evidence, in addition to his daily activities, revealed that he was not totally disabled. Consequently, Plaintiff's final challenge is without merit.

14. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions contained therein. This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act. Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 4) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6) is

DENIED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.


Dated: March 7, 2010
       Buffalo, New York


                                           /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                              Chief Judge
                                        United States District Court